**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| OSIRIS ALI, | ) | CASE NO. 1:17 CV 509 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| BRIGHAM SLOAN, WARDEN, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

## Background

*Pro se* plaintiff Osiris Ali, a prisoner incarcerated in the Lake Erie Correctional

Institution, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden

Brigham Sloan, alleging that a prison practice concerning visitation constitutes cruel and

unusual punishment in violation of the Eighth Amendment.

Specifically, the plaintiff alleges that "[i]nmates are not allowed when called for visits to

walk directly to the visitation door and enter"; rather, they "must stop and wait at the red-line

which is 75-100 feet from the visitation area until the guard summons the inmate to advance

forward and enter for processing for visitation." (Doc. No. 1 at 3.) According to the plaintiff,

requiring inmates to wait at the red line in this manner is a "blatant violation" of the Eighth

Amendment because there is no shelter at the red line, and inmates are required to stand at the

line "in all types of weather conditions," including in the "extreme winter months."  This

allegedly exposes them to an "unreasonable risk of serious harm and/or deprives [them] of a

basic human need [of] protection from the natural element[s] such as rain, sleet, snow, extreme

cold, and hail."  (*Id*. at 4.)

 On his own behalf and on "[b]ehalf of all other persons similarly situated," the plaintiff

seeks injunctive relief prohibiting inmates from having "to stop, wait, [and] stand at the red-line

before entering the visitation entry door."  (*Id*. at 5.)

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards

than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per

curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required,

pursuant to 28 U.S.C. §1915A, to review all actions in which a prisoner seeks redress from an

officer or employee of a governmental entity, and to dismiss before service any action that the

Court determines is frivolous or malicious, fails to state a claim on which relief may be granted,

or seeks monetary relief from defendant who is immune from such relief.  *See* 28 U.S.C.

§1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  In order to survive a dismissal for

failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to

state claim to relief that is plausible on its face.  *Hill*, 630 F.3d at 471 (holding that the dismissal

standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915A).

**Analysis**

Upon review, the Court finds that plaintiff's complaint must be dismissed pursuant to

§1915A.

It is well-established that "the Constitution . . . does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Routine discomforts of prison life do not suffice to state a claim of cruel and unusual punishment under the Eighth Amendment because such "discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992), citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*. In other words, the Constitution is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. *See also Ivey*, 832 F.2d 950, 954 (6ᵗʰ Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

The prison condition of which the plaintiff complains does not rise to the level of the kind of extreme deprivation required to make out a constitutional conditions-of-confinement claim. The practice the plaintiff describes indicates at the most that prisoners, potentially, will be required to wait at a red line in outdoor weather conditions for some period before being summoned to enter the visitation area. But the plaintiff does not allege facts suggesting that any prisoner was ever actually forced to stand unsheltered at the red line in extreme conditions for any unreasonable length of time, or that any prisoner ever actually suffered serious harm as a result. He alleges he has been told that prisoners "have a choice whether or not to wait at the red line"; they may alternatively "wait in the housing unit and periodically check if there is a line for

-3-

visitation and then go to the red-line when [they feel] it is appropriate." (Doc. No. 1 at 4.) And he alleges that "there is never a line." (*Id*.)

While the plaintiff does not like the prison's procedures regarding visitation and alleges facts suggesting they are burdensome and unpleasant for inmates, the procedures do not characterize a prison condition that can be said to be intolerable within the prison context, or that deprives inmates of the minimal civilized measure of life's necessities. His allegations even liberally construed are insufficient to support a plausible Eighth Amendment claim.

## Conclusion

Accordingly, for the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____  6/27/2017
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE